IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**STEVENSON FAIRLEY, #135944** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO. 2:11-cv-257-KS-MTP**

**BILLY MCGEE, et al.** **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Fairley is an inmate of the Mississippi Department of Corrections (MDOC), who filed this *pro se* Complaint on December 29, 2011, pursuant to 42 U.S.C. § 1983.[1] The named Defendants are: Billy McGee, Sheriff of Forrest County; Unknown Carol, Sargent at Forrest County Jail; Unknown Kirkland, Officer at Forrest County Jail; Unknown Taylor, Sargent at Forrest County Jail; Unknown Christy, Officer at Forrest County Jail; and John Does, members of the medical staff at the Forrest County Jail. On January 12, 2012, the Court ordered [ECF No. 10] the Plaintiff to file a written response containing specific information regarding his claims. Plaintiff filed his Response [ECF No. 12] on January 27, 2012. Upon liberal review of the Complaint, Response, and entire record, the Court has reached the following conclusions.

Plaintiff states that he was incarcerated at the Forrest County Jail from March 1, 2007, to January 28, 2008. Plaintiff complains that he was physically and sexually assaulted by other inmates on November 25, 2007. Plaintiff alleges that he notified the jailers and the Sheriff that he was assaulted and needed medical care, but his request was denied. Plaintiff claims that as a result of this incident he suffers from a back injury and he has to take "mental health

---

[1] Plaintiff's request to proceed *in forma pauperis* was granted on January 12, 2012.

medication." Compl. at 4. As relief, Plaintiff is requesting monetary damages.

## ANALYSIS

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous under § 1915, if it "lacks an arguable basis either in law or in fact." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)(quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Since Plaintiff was granted *in forma pauperis* status, §1915(e)(2) applies to this case.

In a suit filed *in forma pauperis* under § 1915, the district court is "authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). A district court may also consider, *sua sponte*, "affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *See id.; see also Gartrell v. Gaylor*, 981 F.2d at 256; *Lopez-Vences v. Payne*, 74 Fed. App'x. 398 (5th Cir. 2003). It is well settled that when a Complaint is barred by the applicable statute of limitations, such claims are properly dismissed as legally frivolous, under § 1915. *See Gartrell*, 981 F.2d at 256; *see also Ramon v. Rodriguez-Mendoza*, No. 09-50607, 2010 WL 1287062, *1 (5th Cir. Apr. 1, 2010)(affirmed district court's dismissal of prisoner § 1983 case as frivolous because it was barred by statute of limitations); *Bates v. Price*, No. 09-10298, 2010 WL 760421, *1 (5th Cir. Mar. 5, 2010) (prisoner case barred by statute of limitations, and dismissed as frivolous, counts as a "strike"

under § 1915(g)).

There is no federal statute of limitations for civil rights actions. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that a federal court must borrow the forum state's general personal injury limitations period for civil rights actions brought pursuant to 42 U.S.C. § 1983). Therefore, this Court must borrow the general personal injury limitations period for Mississippi and apply it to the allegations in this matter. *See id.* The applicable Mississippi statute of limitations period is three years. *See Gates v. Walker*, 865 F. Supp. 1222, 1230 n.12 (S.D. Miss. 1994), *aff'd*, 62 F.3d 394 (5th Cir. 1995); *see also* MISS. CODE ANN. § 15-1-49 (1972), as amended.

While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). As such, an action accrues when a plaintiff has "a complete and present cause of action." *Id*. As noted by the Fifth Circuit:

> Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further.

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotations and citations omitted); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008)(citing *Piotrowski, supra*). Finally, the federal court should also give effect to the forum state's applicable tolling provisions. *See Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992). Mississippi does not

afford a tolling provision for incarceration.

As stated above, Plaintiff complains that his constitutional rights were violated during his incarceration at the Forrest County Jail from March 1, 2007, to January 28, 2008.  Plaintiff clearly states that the alleged incidents occurred on November 25, 2007.  *See* Resp. [ECF No. 12].  Even construing his allegations liberally, Plaintiff was aware of his injury and the connection between the injury and Defendants' alleged conduct, no later than January 28, 2008.  *See Piotrowski*, 237 F.3d at 576.  Giving Plaintiff the benefit of this later date, the limitations period began to run on January 28, 2008.  Plaintiff's claims accrued more than three years prior to filing the present action on December 29, 2011, and are therefore time-barred.

## CONCLUSION

Plaintiff's claims under 42 U.S.C. § 1983 accrued more than three years prior to the filing of the present action, and are therefore time-barred.  As such, the Complaint will be dismissed as legally frivolous, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), with prejudice.

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."  *See* 28 U.S.C. § 1915(g).  If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

THIS the 31st day of January, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE